# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE** | : | |
| c/o The Beasley Firm, LLC | : | |
| 1125 Walnut Street | : | **CIVIL COMPLAINT** |
| Philadelphia, PA 19107 | : | |
| | : | |
| Plaintiff, | : | **NO: _____** |
| | : | |
| vs. | : | |
| | : | |
| **BRYN MAWR COLLEGE** | : | |
| 101 North Merion Avenue | : | |
| Bryn Mawr, PA  19010-2899 | : | **JURY TRIAL DEMANDED** |
| | : | |
| and | : | |
| | : | |
| **NELSON DAVID GOMEZ** | : | |
| **BARRETO** | : | |
| 47 W. Mount Airy Avenue | : | |
| Philadelphia, PA  19119-2402 | : | |
| | : | |
| Defendants. | | |

## NOTICE TO DEFEND

<table>
<tr><td>

**"NOTICE"**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

</td><td>

**"AVISO"**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas dispuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA QUE SE ENCUENTRA ESCRITA ABAJO.  ESTA OFICINA PUEDE PROVEER DE USTED INFORMACION SOBRE EMPLEAR A UN ABOGADO.  SI USTED NO TIENE SUFICIENTE DINERO PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGAL A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO.

</td></tr>
<tr><td align="center">

**Philadelphia Bar Association**
**LAWYER REFERRAL & INFO.**
**One Reading Center**
(215)238-1701

</td><td align="center">

**Asociacion de Licenciados de Filadelphia**
**Servicio de Referencia e Informacion**
**One Reading Center**
**Phila., PA 19107**
**(215) 238-1701**

</td></tr>
</table>

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**NOTICE TO DEFEND**
**DOE V. BRYN MAWR COLLEGE, ET AL.**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE** | : | |
| c/o The Beasley Firm, LLC | : | |
| 1125 Walnut Street | : | **CIVIL COMPLAINT** |
| Philadelphia, PA 19107 | : | |
| | : | |
| Plaintiff, | : | NO: _____ |
| vs. | : | |
| | : | |
| **BRYN MAWR COLLEGE** | : | |
| 101 North Merion Avenue | : | |
| Bryn Mawr, PA 19010-2899 | : | **JURY TRIAL DEMANDED** |
| | : | |
| and | : | |
| | : | |
| **DAVID BARRETO** | : | |
| 47 W. Mount Airy Avenue | : | |
| Philadelphia, PA  19119-2402 | : | |
| | : | |
| Defendants. | | |

## COMPLAINT

### I.    INTRODUCTION

1.    This action arises out of the repeated sexual misconduct of David Barreto ("Barreto") during his employment as a lecturer in the Spanish department at Bryn Mawr College ("BMC") and the deliberate indifference of BMC to that sexual misconduct which ultimately allowed Barreto the opportunity to act out these inappropriate behaviors towards his students, including Jane Doe.

### II.    PARTIES

2.    Plaintiff, Jane Doe, is a twenty-two year old individual and undergraduate student at Bryn Mawr College.[1]

---

[1]    Plaintiff's identity is pled as a pseudonym due to Plaintiff's fear of severe harm, which is reasonable in light of the social climate in which this suit is brought. *Doe v. Megless*, 654 F.3d 404, 408, (3d. Cir. 2011).

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3.     Defendant BMC is a private college with a principal place of business located at 101 North Merion Avenue, Bryn Mawr, Pennsylvania 19010-2899.

4.     Defendant David Barreto is an adult individual and former employee of Bryn Mawr College with a residence located at 47 W. Mount Airy Avenue, Philadelphia, PA 19119.

### III.   JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's statutory claims under Title IX present a federal question over which this Court has jurisdiction. Plaintiff also asserts state law claims over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[2]

6.     Venue is proper pursuant to 28 U.S.C. § 1391 because all Defendants are subject to the Courts personal jurisdiction with respect to the civil action in question.

### IV.   FACTS

7.     On **June 06, 2019**, Professor David Barreto took Ms. Doe and another student out to dinner to celebrate the end of the academic semester.

8.     After the dinner had concluded, Barreto suggested that he and the other student should continue the celebration at the Center City Philadelphia apartment of the other BMC student.

9.     Barreto, who was well over the age of twenty-one, proceeded to make a stop at the liquor store on his way to the other BMC student's residence in order to purchase alcohol to be provided to the students; at this time, Ms. Doe was under the age of twenty-one years old and Barreto was aware of this fact.

---

Plaintiff is a private figure and disclosure of Plaintiff's identity would not promote any public interest. See, *Doe v. Unum Life Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 54821 (E.D. Pa. 2014).
[2]   Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX").

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**COMPLAINT**
**DOE V. BRYN MAWR COLLEGE, ET AL.**

10.     After arriving at the student's residence, Barreto was locked out and Ms. Doe was asked to let him in through the back entrance of the building where Barreto was waiting. Once they were isolated in the back of the building, Barreto proceeded to press himself against her and starting repeatedly kissing Ms. Doe, without her consent or willingness, and said over and over again told her he "wanted to f*ck her." At this time, he also made a comment that he "forgave her [school]work" because he wanted to "f*ck her."

11.     Once Ms. Doe, Barreto, and the other BMC student were inside of her apartment, Barreto proceeded to get drunk.

12.     Ms. Doe stated that she felt uncomfortable and requested that her friend refrain from leaving her alone with Barreto. At some point in the evening, however, her friend left the residence to answer a phone call from her boyfriend. Barreto seized this opportunity and began to again inappropriately touch Ms. Doe without her consent. Unsure how to handle his continued, unwanted and unsolicited advances, Ms. Doe pretended to fall asleep in hopes that he would stop touching her or leave altogether; unfortunately, this did not deter Barreto and he continued to grope her for a period of hours while Ms. Doe pretended to be asleep.

13.     Barreto then turned his attention to Ms. Doe's friend, with whom he engaged in oral sex before leaving the residence. This sexual act between Barreto and Ms. Doe's friend took place in the room where Ms. Doe was feigning to be asleep. She laid there terrified that she would be sexually assaulted by Barreto, and was in a catatonic like state of abject fear for her safety and well-being.

14.     At some point during the evening of July 06, 2019, David Barreto asked Ms. Doe "you haven't heard about me?" Upon hearing this question, it was clear to Ms. Doe that Barreto was alluding to his well-known reputation at BMC for engaging in inappropriate

3

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**COMPLAINT**
**DOE V. BRYN MAWR COLLEGE, ET AL.**

sexual conduct with students.  Behavior that was known to the BMC administration, and ignored.

15.     For the entire next week, Ms. Doe was distraught and isolated herself from friends, family and work before finally returning to her family home.

16.     On or about **July 23, 2019**, Ms. Doe's mother contacted the President's Office at BMC and was directed to speak with Kim Callahan, BMC's then Title IX Coordinator.

17.     On **September 04, 2019**, Ms. Doe met with Kim Callahan to report the events that took place on June 06, 2019. Because Barreto was still teaching on campus at that time, they agreed to meet at the Haverford Campus safety location. Callahan further explained that Haverford and BMC share their Title IX resource office. During this meeting at Haverford campus, Ms. Doe provided Kim Callahan with the names of several witnesses to the events.

18.     Kim Callahan set up a meeting with Barreto, scheduled for the morning of September 05, 2019; Barreto failed to show up for both the scheduled meeting and for work that day.

19.     On **September 06, 2019**, Kim Callahan called Ms. Doe's mother to report that Barreto had inquired as to the purpose of the meeting and had requested that his attorney be present for that meeting. Kim Callahan informed him that the purpose of the meeting was to discuss allegations of inappropriate contact with BMC students and that his attorney could be present, but not participate, during the interview. Shortly afterward, Barreto tendered his resignation, effective immediately, to the BMC Provost.

20.     Ms. Doe was then informed by Kim Callahan that Barreto's resignation meant the conclusion of BMC's investigation into the events of June 06, 2019, and that he had been "banned" from the campus.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

21.     As a result of this traumatic experience, Ms. Doe was forced to take medical leave during the fall 2019 – spring 2020 academic year and subsequently lost her job as a paid intern in the rare books department at the BMC Library, and was also required to move out of the summer housing that had been offered to her during her internship. Additionally, Ms. Doe has had to obtain extensive mental health counseling as a result of this experience.

22.     Prior to the events of June 06, 2019, Barreto has engaged in nonconsensual sexual misconduct with multiple other students during his employment at BMC.

23.     Upon information and belief, multiple students have previously reported Barreto's nonconsensual sexual misconduct to BMC.

24.     Upon information and belief, BMC's Title IX coordinator and/or other BMC officials had notice of multiple reports of sexual misconduct perpetrated by Barreto against multiple students during Barreto's employment at BMC.

25.     Upon information and belief, BMC failed to investigate, or to adequately investigate, multiple reports of Barreto's nonconsensual sexual contact with BMC students during his employment at BMC.

26.     BMC allowed Barreto to continue teaching and interacting with students on the BMC campus following BMC's receipt of reports of sexual misconduct against its students.

27.     Upon information and belief, David Barreto had been warned by BMC administrators and/or supervisors that he should not engage in such inappropriate sexual conduct with BMC students.

28.     Upon information and belief, BMC had notice of the fact that Barreto had purchased, or attempted to purchase, illegal substances, specifically marijuana, from BMC students during his employment at BMC.

5

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

COMPLAINT
DOE V. BRYN MAWR COLLEGE, ET AL.

29.     Had BMC taken adequate remedial measures following previous reports of Barreto's sexual misconduct towards students, Ms. Doe would not have been sexually harassed and sexually assaulted by Barreto.

**V.      THEORIES OF LIABILITY AND CAUSES OF ACTION**

<u>COUNT ONE</u>
**PLAINTIFF v. BRYN MAWR COLLEGE**
**VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 –**
**SEXUAL HARASSMENT**

30.     Plaintiff herein incorporates the above paragraphs by reference.

31.     Upon information and belief, at all times relevant to this action, BMC has received, and continues to receive, federal financial assistance.

32.     BMC has subjected Plaintiff to a sexually hostile educational environment in violation of Title IX.

33.     Title IX may be violated by a school's failure to prevent or remedy sexual harassment or sexual assault. The statute is enforceable through an implied private right of action.

34.     BMC has discriminated against Plaintiff by subjecting her to a sexually hostile environment that was sufficiently severe, pervasive, and objectively offensive to interfere with the Plaintiff's educational and employment opportunities, undermining and detracting from her school experience. Because of BMC's failure to implement adequate procedures to detect, monitor, and correct this discrimination and hostile environment, BMC has denied Plaintiff her personal right to work and learn in an environment free of sexual harassment.

35.     Plaintiff was subjected to unwelcome *quid pro quo* sexual harassment based on her sex. Plaintiff was subjected to unwelcome sexual conduct, including sexual comments, unwanted sexual advances, and unwanted touching. Defendant Barreto, in his

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

capacity as a BMC employee, made known to Plaintiff that he expected her to submit to that unwanted sexual conduct in exchange for favorable academic treatment, including grades.

36.     BMC had actual notice of the ongoing sexual harassment of students committed by Defendant Barreto and the resulting hostile academic environment that Ms. Doe and others endured at BMC during the relevant timeframe.

37.     As discussed above, multiple reports of Barreto's nonconsensual sexual misconduct were made known to BMC and BMC's Title IX coordinator and/or other BMC officials in the years and months leading up to the events of June 06, 2019.

38.     The BMC officials in receipt of reports of Barreto's nonconsensual sexual misconduct were in a position to initiate corrective measures but were deliberately indifferent to those reports and did not initiate corrective measures.

39.     BMC has demonstrated deliberate indifference by tolerating, condoning, ratifying, and/or engaging in the hostile work and educational environment and failing to take appropriate remedial action. As a result of BMC's deliberate indifference to multiple reports of previous nonconsensual sexual misconduct by Defendant Barreto against BMC students, BMC placed Ms. Doe and other students at an ongoing risk of sexual harassment.

40.     Because of BMC's unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to loss of future educational and employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish and other damages.

41.     Plaintiffs is entitled to all legal and equitable remedies available for violations of Title IX, including compensatory damages, injunctive relief, attorneys' fees and costs, and other appropriate relief.

7

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**COMPLAINT**
**DOE V. BRYN MAWR COLLEGE, ET AL.**

**WHEREFORE**, Plaintiff hereby demands judgment against Defendants including appropriate damages, plus costs and such other recoverable damages.

**COUNT II**
**PLAINTIFF V. ALL DEFENDANTS**
**NEGLIGENCE**

42.     Plaintiff incorporates herein the above paragraphs by reference.

43.     At all times relevant hereto, Barreto was acting as an employee, agent, and/or servant of BMC and used his authority to sexually harass, sexually assault and otherwise willfully cause harm to Plaintiff.

44.     BMC is vicariously liable for the conduct of Barreto.

45.     BMC has a responsibility to ensure that its students are not subject to unreasonable risk of harm in their capacity as students, including sexual harassment and sexual assault by faculty members.

46.     BMC knowingly placed Ms. Doe and other students at risk of harm by allowing a faculty member with a known history of sexual harassment and sexual assault directed towards students to remain on campus in a faculty position.

47.     At all times relevant hereto, BMC knew or should have known of Barreto's history of sexual misconduct perpetrated against students.

48.     In addition to being vicariously liable for the actions of Barreto, BMC was negligent in:

    a)   Failing to enact adequate policies and procedures to prevent sexual assault and harassment by its employees, agents and/or servants;

    b)   Failing to provide adequate supervision of its employees, agents and/or servants;

    c)   Failing to take adequate remedial measures upon receiving reports of sexual assault and harassment by an employee, agent and/or servant; and

8

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

COMPLAINT
DOE V. BRYN MAWR COLLEGE, ET AL.

d)     Failing to appreciate the danger of placing students under the academic instruction of an individual with a known history of sexually harassing and sexually assaulting students.

49.     BMC's actions and lack thereof displayed a willful disregard for the safety and wellbeing of Ms. Doe and other students.

50.     As a direct and proximate result of the BMC's actions or lack thereof, both corporately and vicariously, Plaintiff has suffered the damages set forth herein.

51.     BMC increased the risk that Plaintiff would suffer the harm and damages as outlined in this Complaint.

**WHEREFORE**, Plaintiff hereby demands judgment against BMC to include all damages available under Pennsylvania law, including punitive damages, plus interest, costs, and damages for prejudgment delay.

## COUNT III
### PLAINTIFF V. DAVID BARRETO
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs, as though fully set forth at length.

53.     Plaintiff was, as described in this Complaint, acutely aware of Defendant Barreto's inappropriate and unwelcome sexual misconduct that occurred on June 06, 2019.

54.     Plaintiff experienced direct sensory and contemporaneous observation of:

a)     the inappropriate and unwelcome sexual advances of Barreto towards Ms. Doe outside of the other BMC student's apartment, including nonconsensual physical contact and Barreto's comments that he "wanted to f*ck her;"

b)     Barreto's nonconsensual touching of Ms. Doe inside of the other BMC student's apartment, which endured for a period of hours while Ms. Doe, terrified, pretended to sleep;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

      c)     the panic associated with enduring Barreto's continuous inappropriate and nonconsensual touching despite her feigned unconscious state;

      d)     the panic associated with being left vulnerable to, and unprotected from the forceful physical advances of an authority figure.

55.    All of the damages claimed in this count are due to the actions and omissions described herein, witnessed, observed and experienced by Plaintiff, Jane Doe.

56.    As a result of the above acts and omissions, Plaintiff has suffered, and will continue to suffer, from physical and emotional injuries, including but not limited to nightmares, sleeplessness, anxiety, depression and other physical and emotional injuries directly related to the observed acts and omissions described in this Complaint.

57.    Defendant's acts and omissions as described in this Complaint, which were observed and understood by Plaintiff, were at all relevant times the direct and proximate cause of, and increased the risk of, Plaintiff's physical and emotional injuries.

**WHEREFORE**, Plaintiff hereby demands judgment against Barreto to include all damages available under Pennsylvania law, including punitive damages, plus interest, costs, and damages for prejudgment delay.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

10

COMPLAINT
DOE V. BRYN MAWR COLLEGE, ET AL.

## <u>NOTICE OF PRESERVATION OF EVIDENCE</u>

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a jury trial.

**THE BEASLEY FIRM, LLC**

**BY:**   */s/ James E. Beasley, Jr.*
JAMES E. BEASLEY, JR.
THE BEASLEY BUILDING
1125 Walnut Street
Philadelphia, Pa 19107
215.592.1000
215.592.8360 (fax)
*Attorneys for Plaintiff*

Date: 3 June 2021

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

11

**COMPLAINT**
**DOE V. BRYN MAWR COLLEGE, ET AL.**